**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MINDY L. SAN MARCO, | : | CIVIL ACTION  - LAW |
| | : | |
| Plaintiff, | : | No: |
| | : | |
| v. | : | |
| | : | |
| VALLEY SPECIAL NEEDS PROGRAMS, | : | |
| INC., D/B/A VALLEY COMMUNITY | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | Jury Trial Demanded |

## COMPLAINT

AND NOW, comes the Plaintiff, Mindy L. San Marco, by and through her attorneys, Susan N. Williams, Esquire, and Adam R. Gorzelsky, Esquire, of Williams Law Offices, and files the herein Complaint, averring as follows:

## I. INTRODUCTION

1. This case is brought pursuant to the Americans with Disabilities Act Amendments Act ("ADAAA") [42 U.S.C. §§ 12101 et. seq.] and the Pennsylvania Human Relations Act ("PHRA") [43 P.S. §§ 955 et. seq.]  Specifically, Plaintiff alleges that the Defendant has discriminated against her because of a disability and retaliated against her for requesting a reasonable accommodation in violation of the ADA and PHRA by suspending and terminating her employment.

## II. JURISDICTION AND VENUE

2. This Court is permitted to maintain personal jurisdiction over the Defendant because its contacts with the Commonwealth and this judicial district are sufficient to meet the minimum requirements necessary to satisfy the notions of fair play and justice established by the

United States Supreme Court in *International Shoe Company v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.  The United States District Court for the Western District of Pennsylvania has federal question jurisdiction over this case because allegations alleged under the ADA arise under the laws of the United States.  28 U.S.C. § 1331. This Court has supplemental jurisdiction over the alleged violations arising under Pennsylvania law.  28 U.S.C. § 1367.

4.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) as the Defendant resides within the district and a substantial part of the events and occurrences described herein took place within the district.

### III. PARTIES

5.  Mindy L. San Marco, ("Ms. San Marco") is an adult individual currently residing at 14 Willow Street, Mount Pleasant, Westmoreland County, Commonwealth of Pennsylvania.

6.  Defendant Valley Special Needs Programs, Inc., d/b/a Valley Community Services, is a business incorporated under the laws of the Commonwealth of Pennsylvania, with a business address at 599 North Church Street, Mount Pleasant, Westmoreland County, Commonwealth of Pennsylvania.

### IV. FACTUAL BACKGROUND

7.  Ms. San Marco began her employment with the Defendant on or about October 24, 2014 as a Program Assistant.

8.  Ms. San Marco suffers from severe anxiety, panic disorder, depression and from an intellectual disability.

9.  In or around the fourth week of January 2016, the Defendant implemented a mandatory twelve-hour work week.

10. This resulted in a sixty-hour work week.

11. On or about March 23, 2016, Ms. San Marco suffered an exacerbation of her anxiety.

12. She informed her supervisor, Tara Ibson, about the episode.

13. Ms. Ibson informed Ms. San Marco that she would be terminated if she did not work the full sixty-hour work week.

14. On or about April 4, 2016, Ms. San Marco suffered exacerbation of her anxiety.

15. Ms. San Marco informed Ms. Ibson via text message that she had scheduled an appointment with her doctor.

16. Ms. San Marco's doctor prescribed medication and recommended that she be limited to a forty-hour work week.

17. Ms. San Marco informed Ms. Ibson about these restrictions via text message.

18. She was denied an accommodation for her restrictions.

19. The Defendant failed to engage in any sort of interactive process to determine a reasonable accommodation.

20. Instead, the Defendant suspended Ms. San Marco for five days.

21. On or about April 17, 2016, Ms. San Marco contacted the Defendant to determine when she was to return to work.

22. She was informed that she had been terminated.

23. Ms. San Marco filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 7, 2016

24. This charge was dual-filed with the Pennsylvania Human Relations Commission.

25. The EEOC issued a right to sue letter on or about June 9, 2017.

## V. COUNT 1:
## DISCRIMINATION IN VIOLATION OF THE ADAAA

26. The averments of paragraphs 5 through 25 are incorporated by reference as if more fully set forth herein.

27. Ms. San Marco suffers from an impairment or impairments, which, when active, substantially limits the following major life activities: thinking, concentrating, performing manual tasks, sleeping, and working.

28. In spite of this impairment, Ms. San Marco could perform the essential functions of her job with the Defendant with a reasonable accommodation.

29. Ms. San Marco requested the reasonable accommodation of a forty-hour work week.

30. The Defendant failed to engage in the interactive process to determine if a reasonable accommodation was available.

31. Rather, the Defendant suspended and terminated Ms. San Marco because of her disability

32. The Defendant has discriminated against Ms. San Marco by terminating her because of her disability.

33. This discrimination has caused her to suffer from significant emotional distress.

WHEREFORE, Ms. San Marco requests relief as is appropriate under 42 U.S.C. § 12117, including but not limited to back pay, front pay, compensatory damages, pre and post judgment interest, reasonable attorney's fees, and reasonable costs.


## VI. COUNT 2:
## RETALIATION IN VIOLATION OF THE ADAAA

34. The averments of paragraphs 5 through 33 are incorporated by reference as if more fully set forth herein.

35. Ms. San Marco engaged in a protected activity under the ADAAA when she informed the Defendant about her impairment and requested the reasonable accommodation of a forty-hour work week.

36. Ms. San Marco was suspended and then terminated following these protected activities.

37. This constitutes unlawful retaliation in violation of the ADAAA.

38. This retaliation has caused Ms. San Marco to suffer from significant emotional distress.

WHEREFORE, Ms. San Marco requests relief as is appropriate under 42 U.S.C. § 12117, including but not limited to back pay, front pay, compensatory damages, pre and post judgment interest, reasonable attorney's fees, and reasonable costs.

## VII. COUNT 3:
## PHRA – DISCRIMINATION

39. The averments of Paragraphs 5 through 38 are incorporated by reference as if set forth more fully herein.

40. Claims raised under the PHRA are interpreted in line with claims raised under Title VII and the ADAAA. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

41. Accordingly, Ms. San Marco's discrimination claim raised under the ADAAA is alleged similarly under the PHRA.

WHEREFORE, Ms. San Marco is entitled to affirmative relief including but not limited to back pay, front pay, pre- and post-judgment interest, compensatory damages, reasonable attorney's fees and costs.

## VIII. COUNT 4:
## PHRA – RETALIATION

42. The averments of Paragraphs 5 through 41 are incorporated by reference as if set forth more fully herein.

43. Claims raised under the PHRA are interpreted in line with claims raised under Title VII and the ADA. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

44. Accordingly, Ms. San Marco's retaliation claim raised under the ADAAA is alleged similarly under the PHRA.

WHEREFORE, Ms. San Marco is entitled to affirmative relief including but not limited to back pay, front pay, pre- and post-judgment interest, compensatory damages, reasonable attorney's fees and costs.

Respectfully Submitted,

s/ Susan N. Williams, Esq.
Susan N. Williams, Esquire
Pa.I.D. 40077

s/Adam R. Gorzelsky, Esq.
Adam R. Gorzelsky, Esquire
Pa.I.D. 309094

Williams Law Offices
101 North Main St. Suite 106
Greensburg PA 15601
(724) 838-8110
(724) 838-8115 (fax)